IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY ARMSTRONG,

      Plaintiff,                              No. CIV.S. 07-1046 GEB GGH PS

      vs.

SISKIYOU COUNTY SHERIFF'S
DEPARTMENT, et al.,                         ORDER

      Defendants.

_____/

      Plaintiff, proceeding in pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21).

      Plaintiff has submitted a partially completed state court form entitled "Application for Waiver of Court Fees and Costs." The same form, more fully completed, is contained in plaintiff's "Complaint." These documents demonstrate plaintiff is unable to prepay fees and costs or give security for them. Plaintiff has no assets and his only income derives from "Probation, General Assistance and Food Stamps." Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      The determination whether plaintiff may proceed in forma pauperis does not

1

complete the inquiry. Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Additional grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)). The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

Plaintiff's "Complaint," so designated by the Clerk of Court, meets none of these standards. Forty-two pages in length, the "Complaint" consists of multiple documents (including a statement from Shasta County concerning the amount of plaintiff's Food Stamps, and several letters to public and private entities and counsel seeking representation and assistance in the pursuit of this action) without any unifying preface or explanation. While the facts underlying plaintiff's case can be gleaned from reading through these documents (plaintiff asserts he was improperly detained and incarcerated for a finite period of time), the court is unable to discern plaintiff's legal theories and the relief he now seeks. Accordingly, the "complaint" will be dismissed with leave to file an amended complaint within twenty days that: (1) conforms with the general pleading requirements of Fed. R. Civ. P. 8(a) demonstrating this court's jurisdiction and clearly stating the facts of plaintiff's case, identifying each defendant and their specific involvement in this matter, plaintiff's legal arguments, and the specific relief he seeks, and (2) states cognizable legal claims upon which relief may be granted, consistent with the requirements of Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2).

Additionally, plaintiff seeks, in a separately filed document, court-appointed counsel to assist him in pursuing this matter. The court cannot rule on this request absent an operational complaint to review. Plaintiff is informed, however, that the threshold is exceeding high for obtaining this court's assistance in obtaining the free services of counsel in a civil case,

and includes likelihood of success on the merits. Accordingly, plaintiff's request for appointment of counsel will be denied without prejudice to its reconsideration sua sponte upon the filing of an actionable complaint.

        Accordingly, IT IS ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted;

        2. Plaintiff's complaint is dismissed;

        3. Plaintiff is granted twenty (20) days from the filing date of this order to file an amended complaint that meets the requirements of 28 U.S.C. § 1915(e)(2), and Fed. R. Civ. P. 8(a) and 12(b); the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint;

        4. Failure to file an amended complaint in accordance with this order will result in a recommendation this action be dismissed; and

        5. Plaintiff's request for appointment of counsel is denied without prejudice to its reconsideration sua sponte upon the filing of an actionable complaint.

        So ordered.

DATED: 6/25/07                         /s/ Gregory G. Hollows

                                         GREGORY G. HOLLOWS
                                         UNITED STATES MAGISTRATE JUDGE

GGH5: Armstrong.1046.ifp