IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY ARMSTRONG,

    Plaintiff,                    No. CIV.S. 07-1046 GEB GGH PS

    vs.

SISKIYOU COUNTY SHERIFF'S
DEPARTMENT, et al.,                  <u>ORDER</u>

    Defendants.
_____/

        On July 12, 2007, plaintiff timely filed an amended complaint pursuant to this court's order filed June 25, 2007.

        The gravamen of the complaint provides as follows. Upon his release from Solano State Prison on June 22 or 23, 2006, plaintiff went to the Siskiyou County Sheriff's Department as required by the conditions of his parole, where he was informed that he should report to a probation-parole office in Weed, California. Plaintiff went to the parole office where he was in turn "informed of my rights and deni[]ed any com[m]nication with my family or friends unless the[y] came into talk to my parole agent of the time." "Upon he[a]ring that I could not stay with one I knew or family I panic[ked] not having anywhere to stay and went back to the Siskiyou County Sheriff's Department to see if I could get the conditions changed."

1

Again at the Sheriff's Department, Deputy Tharsing informed plaintiff ("as conf[i]rmed by Sheriff's complaint form and the parole office") that "that there was a halfway house up the road." After proceeding part of the way, plaintiff paused, "trying to stop depretion [sic] from taking hold" and decided not to continue; he returned downtown "not really knowing w[h]ere I was going to stay or what I was going to due[sic]."

Plaintiff was stopped by Deputy Tharsing and an unidentified Yreka police officer. Plaintiff states that Deputy Tharsing became belligerent, informed plaintiff that he was "walking in the wrong direction," and insisted that plaintiff stay at the halfway house ("leaving no dought [sic] in my mind that I was being given a direct order"). Plaintiff went to the halfway house and spent the night.

The next morning, plaintiff returned to town to get some clothes, pursuant to instructions from the halfway house, and passed by the Sheriff's Department parking lot. Deputy Stewart, who was waiting "just inside the parking area/driveway," asked plaintiff if he could talk with him, and plaintiff walked to "the back of the car." Deputy Stewart then placed plaintiff under arrest "for staying at the halfway house that was to[o] close to a school," although the school "could not be seen when looking up the road."[1]

Plaintiff states he was then incarcerated at the Siskiyou County Jail for a week and a half, without arraignment, appointment of counsel or judgment; then transported to High Desert State Prison where he stayed for another week and a half without any proceedings or appointment of counsel. Plaintiff states that he was "ultimitly [sic] later sentenced to nine months, which I had reduced down to seven with half time, then deni[]ed [when] I ask[ed] for another he[a]ring that took place in Siskiyou County Sheriff's Department and [went] back the seven and half."

In sum, states plaintiff, "The Siskiyou County Sheriff's Department elegally

---

[1] Plaintiff does not state, but these facts imply, that he may be a registered sex offender precluded from release within one-quarter mile of any public or private school (Cal. Welf.& Inst. Code § 6608.5(f)).

arested, held, and trasported me with no harainment, legal consul or court order to comitt me, there by bypassing the intire judical sistem and the laws of this state for doing nothing more than what I was told to do by them in the first place." [Sic.]

Liberally construing the complaint, as we must in pro se cases,[2] plaintiff has made a prima facie showing of the following claims:  violation of plaintiff's Sixth Amendment and Due Process rights to counsel and to present a defense, as alleged within a violation of plaintiff's civil rights pursuant to 42 U.S.C. § 1983, and conspiracy to violate those rights pursuant to 42 U.S.C. § 1985 and 18 U.S.C. § 241.[3]  Plaintiff's California Penal Code claims are not cognizable under these circumstances or before this court, nor are plaintiff's federal statutory claims based upon improper changes to federal records.

The complaint seeks damages of $250,000 "plus[] any punitive damages the court may impose given the total disrespect of the law by the many people we trust to uphold it and that it might send the right message to the Sheriff's Department that the[i]r[] abuse of power and of peoples['] rights will not be tolerated."

Although plaintiff names only the Siskiyou County Sheriff's Department on his title page, he also makes against Siskiyou County Deputy Sheriffs Tharshing and Stewart; all three shall be the named defendants in this action unless others are added pursuant to further amendment of the complaint.  Therefore, pursuant to the June 25, 2007 granting of plaintiff's

---

[2] Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

[3] The complaint broadly alleges six "attachments" asserting violations of:  (1) state criminal statutes (Cal. Penal Code §§ 182 (conspiracy to commit crime), 236 (false imprisonment), 470 (corruption of records), 673 (cruel or unusual punishment), and 115 (false records)); (2) Sixth Amendment and Due Process rights to trial and counsel; (3) Fifth Amendment and Due Process rights against Double Jeopardy; (4) falsification of U.S. government records pursuant to 18 U.S.C. § 1001; (5) conspiracy laws under 18 U.S.C. § 241; and (6) concealment, removal or mutilation of U.S. government records under 18 U.S.C. § 2071.

request to proceed in forma pauperis, the court will direct the U.S. Marshal to serve process of the Amended Complaint upon these three defendants.

Finally, plaintiff seeks appointment of counsel to assist in this action. For the reasons stated below, the court will again defer a decision on this request.

"28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). The court may appoint counsel under section 1915(d) only under "exceptional circumstances." Id. at 1331. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Id. (citations and internal quotations omitted); see also, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).

Plaintiff appears to meet both criteria. The straightforward facts of this case, if proven, implicate significant and complex constitutional issues, and plaintiff has demonstrated only a limited capacity to articulate and pursue these matters. However, the district court's discretion under 28 U.S.C. § 1915(e)(1) is limited to requesting (not appointing) counsel to represent an indigent civil litigant. This limited authority makes the actual retention of limited available counsel both problematic and tentative, and supports the more prudent approach of requesting counsel, if still deemed appropriate, only after this case has been more fully developed. The court will therefore again defer rendering a decision on plaintiff's request for appointment of counsel until defendants have filed a responsive pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's status order, and a copy of the instant order, without

prepayment of costs.

    2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, a copy of the amended complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order.

    3. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process. The court anticipates that, to effect service, the U.S. Marshal will require at least:

        a. One completed summons;

        b. One completed USM-285 form for each defendant;

        c. A copy of the endorsed filed amended complaint for each defendant, with an extra copy for the U.S. Marshal; and

        d. A copy of this court's status order for each defendant.

    4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

    5. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

    So ordered.

DATED: 8/7/07

                                    /s/ Gregory G. Hollows

                                    GREGORY G. HOLLOWS
                                    UNITED STATES MAGISTRATE JUDGE

GGH5: Armstrong.1046.srv