IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY ARMSTRONG,

    Plaintiff,

    vs.

SISKIYOU COUNTY SHERIFF'S DEPARTMENT, et al.,

    Defendants.

No. CIV.S. 07-1046 GEB GGH PS

ORDER

_____/

Upon review of the parties' status reports and other documents on file, and good cause appearing, the court has determined that this case is appropriate for appointment of counsel drawn from the voluntary members of this district's civil rights pro bono panel.[1] A status

---

[1] The court deferred appointment of counsel in its orders filed August 7, 2007 and March 13, 2008, awaiting further development of the case. As the court previously found: "28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). The court may appoint counsel under section 1915(d) only under "exceptional circumstances." Id. at 1331. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Id. (citations and internal quotations omitted); see also, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Plaintiff appears to meet both criteria. The straightforward facts of this case, if proven, implicate significant and complex constitutional issues, and plaintiff has

1

conference shall be held before the court before scheduling the remainder of this case.

Accordingly, the court finds as follows:

1. Efforts to obtain legal representation for plaintiff without order of this court would be futile;

2. Plaintiff's income is 125 percent or less of the current poverty threshold established by the Office of Management and Budget of the United States and he is otherwise without resources to obtain counsel;

3. This case is of a type that attorneys in this district ordinarily do not accept without prepayment of a fee;

4. This case is not a fee generating case within the meaning of California Business and Professions Code § 8030.4(g); and

5. This case has sufficient merit to warrant appointment of counsel pursuant to General Order No. 230.

Therefore, this court orders as follows:

1. Gary Gex is appointed as attorney for plaintiff pursuant to General Order No. 230;

2. Counsel is directed to contact the Clerk's Office to make arrangements for copies of the file;

3. Counsel shall submit all deposition transcript costs for payment pursuant to § 8030.6 of the California Business and Professions Code. All other contemplated costs shall be handled as described in General Order No. 230; and

4. This case shall be set on this court's law and motion calendar for a status conference within 60 days, pursuant to a stipulation of plaintiff's and defendants' counsel;

---

demonstrated only a limited capacity to articulate and pursue these matters." Order filed August 7, 2007 (at p. 4). Further, in their status report, defendants inform the court that "plaintiff's education and understanding of the law is insufficient for meaningful conferring. . ." Defendants' (Joint) Status Report, filed May 21, 2008.

1 | 5. The Clerk of Court shall electronically serve a copy of this order on Gary Gex
2 | at ggex@morganlewis.com.
3 | So ordered.
4 | DATED: 06/06/08                                    /s/ Gregory G. Hollows
5 |                                                                  GREGORY G. HOLLOWS
                                                                     UNITED STATES MAGISTRATE JUDGE
6 |
7 | GGH5: Armstrong.1046.appt