IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY ARMSTRONG,                    Plaintiff,          v. SISKIYOU COUNTY SHERIFF'S DEPARTMENT; BEHR THARSING; ROBERT STEWART,                    Defendants. ─────────────────────────── SISKIYOU COUNTY SHERIFF'S DEPARTMENT; BEHR THARSING; ROBERT STEWART,          Third Party Plaintiffs, ALFRED BEARDEN; STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; STATE OF CALIFORNIA,          Third Party Defendants. | 2:07-cv-01046-GEB-GGH-PS ORDER |

Third Party Defendants' motion for dismissal of the Third Party Complaint ("TPC") based on Eleventh Amendment immunity was heard on August 31, 2009. The Third Party Plaintiffs ("TPPs") argued at the hearing that the motion should be denied because the

1

TPPs' claims against the California Department of Corrections and Rehabilitation, the State of California, and Alfred Bearden ("Bearden"), in both his individual and his official capacities, could be maintained in federal court under the court's ancillary jurisdiction, citing Banks v. City of Emeryville, 109 F.R.D. 535, 539 (N.D. Cal. 1985) (stating "the court may exercise its ancillary jurisdiction over the state claims in the [TPC]"). Banks, however, did not involve a suit against state entities and a state official sued in his official capacity. The suit against the California Department of Corrections and Rehabilitation is a suit against the State of California. See Brown v. California Dept. of Corrections, 554 F3d 747, 752 (9th Cir. 2009)("The district court correctly held that the California Department of Corrections . . . [was] entitled to Eleventh Amendment immunity.") Further, the TPPs conceded at the hearing that the official-capacity suit against Bearden is the same as the suit against the State of California, and thus barred.

Even if the rationale in Banks could be construed as applying as the TPPs argue, the Court declines to exercise jurisdiction over the claims against the state entities and the official capacity claims against Bearden, in light of the rationale underlying Eleventh Amendment immunity. Therefore, these claims are dismissed under 28 U.S.C. § 1367(c)(4) since the Eleventh Amendment immunity defense provides compelling reasons for declining jurisdiction.

Further, at the hearing the Court raised sua sponte the question as to the basis for the TPPs' declaratory relief claims against Bearden, in light of the other claims in the TPC. The following briefing schedule was established at the hearing: the

TPPs shall file a brief no later than September 14, 2009, in which the basis for seeking declaratory relief with regards to Third Party Defendant Bearden is explained, and opposition shall be filed fourteen days thereafter, and the TPPs' reply, seven days thereafter.  The hearing shall commence at 9:00 a.m. on October 13, 2009.

IT IS SO ORDERED.

Dated:  September 4, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge